**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                            )
**TYRON CLINE,**                            )
                                            )
        **Plaintiff,**                      )
                                            )        **Civil Action No.**
        **v.**                              )        **22-12228-FDS**
                                            )
**JEFFREY A. LOCKE, et al.,**               )
                                            )
        **Defendants.**                     )
_____)


**MEMORANDUM AND ORDER ON**
**<u>DEFENDANTS' MOTION TO DISMISS</u>**

**SAYLOR, C.J.**

This is an action arising out of divorce proceedings in the Worcester Probate and Family Court. Plaintiff Tyron Cline has brought suit under 42 U.S.C. §§ 1983 and 1985 against various members of the Massachusetts judiciary and a former court administrator. According to the complaint, defendants have conspired to defraud him in a "Hague treaty custody proceeding" and have "violat[ed] his civil rights to his property, such as his offspring and hard-earned money." Plaintiff is proceeding *pro se*.

Defendants have moved to dismiss the complaint on different grounds, including sovereign immunity, judicial or quasi-judicial immunity, lack of jurisdiction under the *Rooker-Feldman* doctrine, and failure to state a claim upon which relief can be granted. For the reasons set forth below, the motion to dismiss will be granted.

**I.    <u>Background</u>**

**A.    <u>Factual Background</u>**

Except as otherwise noted, the following facts are set forth as alleged in the complaint.

1.    **The Parties**

Tyron Cline is a resident of New Haven, Connecticut.  (Compl. ¶ 13).

Jeffrey A. Locke is Chief Justice of the Massachusetts Trial Court.  (Defs.' Mot. Dismiss

at 1 n.1).[1]  John A. Bello is the former court administrator for the Massachusetts Trial Court.

(*Id.*).  John D. Casey is Chief Justice of the Massachusetts Probate and Family Court ("Probate

Court").  (*Id.*).  Roxann Tetreau is an associate justice of the Probate Court.  (*Id.*).

2.    **The Allegedly Unlawful State-Court Proceedings**

According to the complaint, defendants are "operating a treaty in order to violate

[Cline's] constitutionally protected natural rights."  (Compl. ¶ 33).  He has allegedly suffered a

"loss of property without due process, violating his civil rights to his property, such as his

offspring and hard-earned money, which was done via a treaty unbeknownst to [him] at the

inception of his case in lower court (Worcester Probate and Family Court) in 2017."  (*Id.* ¶ 15).

The complaint alleges that Chief Justice Casey, "in collaboration with the Hague

Convention," has "used judgment by operation of law which resulted in suspension of [Cline's]

driving privileges between 2018 and 2020," "levies of [his] bank accounts in 2022," "wage

garnishment of [his] occupational earnings from 2017 – 2022," "seizure of [his] tax returns

between 2018 and 2021," and "temporary custody orders which resulted in separation . . . from

his offspring in 2022 and placement of a non-judicial officer in order to further the conspiracy of

fraud against [him]."  (*Id.* ¶¶ 16-20).  In addition, he "is apparently being blackmailed into

participating in a treaty on January, 3 2023 or possibly lose his constitutional protected rights to

---

[1] Although the complaint does not identify defendants' official titles, a court may take judicial notice of any fact at the motion to dismiss stage that is "not subject to reasonable dispute" because that fact is either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned."  *Lopes v. Riendeau*, 177 F. Supp. 3d 634, 666 (D. Mass. 2016) (quoting Fed. R. Evid. 201(b)).

his offspring." (*Id.* ¶ 24).[2]

According to the complaint, it is Cline's "understanding and belief that actions made against him by the parties listed in this complaint have occurred because Massachusetts entered into a treaty unlawfully.  [He] has been ignored and actions by the foreign tribunal continued to commence despite invoking his protection under the Bill of Rights not to enter into a treaty." (*Id.* ¶ 35; *see also id.* ¶ 34 (alleging that defendants are being used "to operate an unlawful court system in Massachusetts")).

The complaint contends that "the emotional and psychological harm done is significant and affects his ability to function," and that he "has also suffered lost time that cannot be given back for time away from his offspring." (*Id.* at 2).

### B.     Procedural Background

On December 29, 2022, plaintiff filed a complaint seeking damages and declaratory and injunctive relief.  In substance, the complaint appears to allege violations of plaintiff's constitutional rights and a conspiracy to violate such rights under 42 U.S.C. §§ 1983 and 1985.[3]

Defendants have moved to dismiss the complaint on different grounds, including sovereign immunity, judicial or quasi-judicial immunity, lack of jurisdiction under the *Rooker-Feldman* doctrine, and failure to state a claim upon which relief can be granted.

## II.     Discussion

### A.     Defendants Are Immune from Suit

All claims against Chief Justice Locke, Chief Justice Casey, and Associate Justice

---

[2] The complaint also asserts that January 3, 2023, is the date of a scheduled "Hague treaty custody proceeding."  (Compl. ¶ 32).

[3] The four counts asserted in the complaint are:  (1) fraud; (2) conspiracy to commit fraud; (3) warrant without probable cause; and (4) fraud upon the court.  (*Id.* at 5-6).  Those causes of action are similar to those asserted in an earlier-filed case pending in this court.  *See Cline v. Burke et al.*, 4:22-cv-40115-FDS.

Tetreau are barred by the doctrine of judicial immunity.  *See Becks v. Plymouth Cnty. Superior Ct.*, 511 F. Supp. 2d 203, 206 (D. Mass. 2007) ("Absolute immunity from civil liability applies to any judicial officer for any normal and routine judicial act.").[4]  "Absolute immunity applies to 'judges performing judicial acts within their jurisdiction,' and the protection it affords applies even if the official 'acted maliciously and corruptly in exercising his judicial . . . functions' or 'in the presence of grave procedural errors.'"  *Ives v. Agastoni*, 2015 WL 9647559, at *3 (D. Mass. Dec. 14, 2015) (quoting *Goldstein v. Galvin,* 719 F.3d 16, 24 (1st Cir. 2013)), *report and recommendation adopted*, 2016 WL 79881 (D. Mass. Jan. 5, 2016).  The allegations in the complaint concerning these three defendants arise out of judicial actions in the ongoing custody proceedings in Probate Court.  Accordingly, the claims against them will be dismissed.

In addition, the claims against Bello, the former court administrator for the Massachusetts Trial Court, are barred by quasi-judicial immunity.  That doctrine "extends to employees of a court when they perform tasks that are an integral part of the judicial process."  *Andre v. Moriarty*, 2011 WL 1456773, at *7 (D. Mass. Apr. 4, 2011); *see Bowen v. Worcester Fam. & Prob. Ct.*, 2014 WL 5106419, at *2 (D. Mass. Oct. 9, 2014) (dismissing action *sua sponte* and holding that quasi-judicial immunity attached to probate and family court administrator and other court personnel acting in furtherance of their official duties).  Here, the complaint alleges that Bello "coordinated" with Chief Justice Locke "to utilize a list of available associate justices of the Probate and Family Court Department to perform functions for the Hague Convention under a treaty in order to bypass the normal procedure of law that would take place in a court of law with original jurisdiction under full judicial process for custody determination."  (Compl. ¶ 25).

---

[4] "[T]he First Circuit has held that the doctrine extends to injunctive and declaratory relief."  *Marcello v. Maine*, 464 F. Supp. 2d 38, 43 (D. Me. 2006) (citing *Adames v. Fagundo*, 198 F. App'x 20, 22 (1st Cir. 2006)).

The complaint further alleges that he coordinated with Chief Justice Locke "to approve forms . . . which made [him] believe that he is in contempt." (*Id.* ¶ 29). In substance, the claims against Bello allegedly arise out of the performance of his duties—that is, assigning judges and issuing orders of contempt in ongoing custody proceedings—and will, therefore, be dismissed.

**III.    Conclusion**

For the foregoing reasons, defendants are immune from suit. Accordingly, the motion to dismiss is GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  May 23, 2023                      Chief Judge, United States District Court